**Howard Brett LEVY, Appellant,**

v.

**Stanley R. RESOR, Secretary of the Army, Gines Perez, Major General, Commanding General, Fort Jackson, South Carolina, E. B. Roberts, Brigadier General, Acting Commander, Fort Jackson, South Carolina, Jode Wilson, Lt. Colonel, Provost Marshal, Fort Jackson, South Carolina, and Charles Jackson, Second Lieutenant, Confinement Officer, Fort Jackson, South Carolina, Appellees.**

No. 11581.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1967.

Decided Oct. 27, 1967.

Certiorari Denied Jan. 15, 1968.
See 88 S.Ct. 789.

Charles Morgan, Jr., Atlanta, Ga. (M. Laughlin McDonald, Atlanta, Ga., Anthony G. Amsterdam, Philadelphia, Pa., Alan H. Levine, Eleanor Holmes Norton, Melvin L. Wulf, New York City, Charles M. Sanders, Jr., and Walter Jones, Ft. Jackson, S. C., on brief), for appellant.

Wistar D. Stuckey, Asst. U. S. Atty. (Terrell L. Glenn, U. S. Atty., on brief), for appellees.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

PER CURIAM:

Howard Brett Levy, a captain in the United States Army, on June 2, 1967 at Fort Jackson, South Carolina, was convicted by a general court-martial, of the violation of Articles 90, 134 and 133 of the Uniform Code of Military Justice, 10 U.S.C. §§ 890, 934 and 933—the wilful disobedience of a lawful command of his superior officer, the promotion of disloyalty among the troops and the utterance of intemperate, defamatory, provoking and disloyal statements to enlisted personnel. His sentence was dismissal from the service, forfeiture of all pay and allowances and confinement for three years at hard labor.

Following sentence, counsel for Levy advised the court-martial of his intention to appeal and requested his client's release on Commandant's Parole as permitted by the Manual for Courts-Martial, paragraph 21(d). That provision reads:

"Upon notification from a trial counsel of the result of a trial * * *, a commanding officer will take prompt

and appropriate action with respect to the restraint of the person tried. Such action, depending on the circumstances, may involve the immediate release of the person from any restraint, or the imposition of any necessary restraint pending final action on the case."

The request was denied by the commanding officer at Fort Jackson; and Levy was thereupon, and is now, confined to a room in the hospital there.

He then sought habeas corpus or other appropriate writ in the Federal district court in South Carolina to procure his release on bail pending disposition of his appeal from the court-martial conviction. The Court denied his petition on the ground that the prisoner was not entitled as a matter of right to bail or other release pending appeal, that restraint after conviction was a matter within the discretion of the commanding officer, and that no abuse of it had been shown.

On appeal from the order of the District Court, we are asked to grant the petitioner bail or direct that Court to do so. We decline, for the reasons stated by the District Court and, in a like ruling, by the United States Court of Military Appeals, to whom Levy had also applied for bail, in the case styled Levy v. Stanley R. Resor, Secretary of the Army et al. and designated as Miscellaneous Docket No. 67–9.

In the present case the defendants-appellees have moved this court for an order permitting them to transfer the appellant Levy from the hospital at Fort Jackson to the United States Disciplinary Barracks, Fort Leavenworth, Kansas. As the latter institution, unlike the stockade at Fort Jackson, has suitable facilities for the custody of officer prisoners, and since the transfer would be in accordance with the customary handling of such prisoners, the motion will be granted, the court finding no prejudice to the appellant in this action.

Orders will be entered accordingly.